STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
SUPERIOR COURT
CIVIL DOCKET SHEET

Case ID: NC-2006-0155 FREDERICK BAILLARGERON V CITY OF NEWPORT

Filing Date: 03-22-2006
Case Status: UNASSIGNED

Case Type: CIVIL RIGHTS/JOB DISCRIMIN
Status Date: 03-22-2006

Plaintiff: FREDERICK BAILLARGERON
ID: @10829713

Attorney: ROBERT CARON

Defendant: CITY OF NEWPORT
ID: @10829715
Defendant: LAURA SITRIN
ID: @10829717
Defendant: CHARLES GOLDEN
ID: @10829718
Defendant: NEWPORT POLICE DEPT
ID: @10829719
Defendant: ROBERT SPELLMAN
ID: @10829720
Defendant: PATRICK SHEA
ID: @10829723
Defendant: JOSE COSTA
ID: @10829724

Scheduled Events

| Date | Event | Location | Judge |
|---|---|---|---|

Prior Events

| Date | Event | Location | Judge |
|---|---|---|---|

Case Jacket

| Checked Out | Returned | Person | Comments/Text |
|---|---|---|---|

Docket Entry Information

| Date | Description | Text |
|---|---|---|
| 03-22-2006 | COMPLAINT FILED | |
| 03-22-2006 | INITIAL FILING FEE | |
| 03-22-2006 | Payment Applied | A Payment of -$160.00 was made on receipt SCN26073. |

True Copy Attest

Jane M. Anthony

Office of Clerk of Superior Court
County of Newport
Newport, Rhode Island

**STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS**
**NEWPORT, SC** **SUPERIOR COURT**

| | | |
|---|---|---|
| **FREDERICK BAILLARGERON** | : | |
| **Plaintiff** | : | |
| | : | |
| **V.** | : | **C.A. NO.** |
| | : | |
| **CITY OF NEWPORT, BY AND THROUGH ITS FINANCE DIRECTOR; LAURA SITRIN, NEWPORT POLICE DEPARTMENT; CHIEF CHARLES GOLDEN; ROBERT SPELLMAN; PATRICK SHEA; JOSE COSTA** | : | |
| **Defendants** | : | |

SUPERIOR COURT FILED CHARLES H. MILLER, CLERK 06 MAR 22 AM 11:40

## COMPLAINT AND MOTION FOR DECLARATORY JUDGMENT

## INTRODUCTORY STATEMENT

1. This is an action for damages sustained by a citizen of the United States, and of the State of Rhode Island, against the City of Newport, the Newport Police Department, and several of its police officers, who unlawfully arrested, harassed, assaulted, battered, humiliated, and maliciously prosecuted the Plaintiff, Frederick Baillargeron.

This is also an action against then Chief of the Newport Police Department, as supervising officer responsible for the conduct of the Officers, for his failure to take corrective action with respect to police personnel, to assume proper training and supervision of the personnel, or to discourage lawless official conduct.

The Plaintiff alleges violations of his civil rights under Rhode Island and Federal law as well as common law claims.

True Copy Attest
Jane M. Anthony
Office of Clerk of Superior Court
County of Newport
Newport, Rhode Island

## JURISDICTION

2. This action is brought for declaratory judgment pursuant to R.I.G.L. §9-30-1, et seq. and 42 U.S.C. §§1981, 1983, and 1988 and under the First, Fourth, Fifth, Six and Fourteenth Amendments to the United States Constitution as well as Article 1, §§6, 20 and 21 of the Rhode Island Constitution.

3. The Court further has jurisdiction pursuant to R.I.G.L. §8-2-14.

## VENUE

4. This Court is the Superior Court within the jurisdiction of Rhode Island, county of Newport, and therefore venue is proper.

## PARTIES

5. The Plaintiff, Frederick Baillargeron is a resident of the City of Newport within the State of Rhode Island.

6. Defendant, City of Newport, is a municipality under the laws of the State of Rhode Island, operating in the State of Rhode Island and is sued through its finance director, Laura Sitrin.

7. Defendant, Laura Sitrin, is the finance director for the City of Newport and is sued in her official capacity as finance director, and is a resident of the State of Rhode Island.

8. Defendant, Newport Police Department, is a department within the municipality of the City of Newport in the State of Rhode Island entrusted by the people of Newport and the City Council to legally administer the laws of Rhode Island pursuant to the Rhode Island Constitution, the Rhode Island General Laws, the United States Constitution and the City of Newport's local ordinances.

True Copy Attest
Jane M. Anthony
Office of Clerk of Superior Court
County of Newport

9. Defendant, Chief Charles Golden, was the chief of the Newport Police Department at the time of this incident and is a resident of the State of Rhode Island, and at all relevant times was acting under color of law and employed by the City of Newport.

10. Defendant, Robert Spellman, is a member of the Newport Police Department and a resident of the State of Rhode Island, and at all relevant times was acting under color of law and employed by the City of Newport.

11. Defendant, Patrick Shea, is a member of the Newport Police Department and a resident of the State of Rhode Island, and at all relevant times was acting under color of law and employed by the City of Newport.

12. Defendant, Jose Costa, is a member of the Newport Police Department and a resident of the State of Rhode Island, and at all relevant times was acting under color of law and employed by the City of Newport.

**FACTUAL ALLEGATION**

13. On or about May 2, 2004, Mr. Baillargeron attended the Aquidneck Island National Police Parade while carrying a sign which stated on one side: "Middletown and Newport Police Unfair", the other side of his sign read: "Laugh at R.I. Legal System It's a Joke!!!".

14. That soon after peacefully protesting and carrying his sign, Mr. Baillargeron was told by members of the Newport Police Department that he would have to move from the sidewalk to a grassy knoll area near city hall. Mr. Baillargeron followed the police officer's direction and moved to the area near city hall.

15. That some fifteen or twenty minutes later, Mr. Baillargeron made his way to the other side of Broadway and positioned himself in front of the Paramount building, on the

True Copy Attest
Office of Clerk of Superior Court
County of Newport
Newport, Rhode Island

sidewalk, behind several rows of people, all the time peacefully holding his sign above his head.

16. That Defendant officer Robert Spellman approached Mr. Baillargeron and told him he would have to leave the area and stop protesting. Mr. Baillargeron put his sign down and had conversation with Officer Spellman.

17. That Mr. Baillargeron objected stating that he had a right to be there and protest but ultimately began moving to the area that Spellman had directed him to all the time holding the sign above his head.

18. At this time defendant Robert Spellman placed one of his hands on Mr. Baillargeron's right shoulder and his other hand under his left arm around Mr. Baillargeron's rib cage area.

19. Mr. Baillargeron asked defendant Robert Spellman to remove his hands from his body and at the time, defendant Robert Spellman grabbed Mr. Baillargeron in a bear type hug and pushed him some twenty to thirty feet through the crowd slamming him up against the wall of a building. All this time Mr. Baillargeron continued to hold his sign above his head until the impact against the building caused him to drop it.

20. At this time other members, of the Newport Police Department, including defendant Patrick Shea, got on top of Mr. Baillargeron as he lay face down on the concrete and handcuffed him.

21. Mr. Baillargeron was at no time advised that he was under arrest.

22. As Mr. Baillargeron was led through an alley near the Paramount building, a member of the Newport Police Department, Defendant Costa, squeezed the cuffs around Mr.

True Copy Att...
O... ...rior Court
C
N... ...land

Baillargeron's wrists so tightly that the cuffs caused a laceration around his wrist, as well as contusions.

23. That defendant Jose Costa, for no reason, bent Mr. Baillargeron's left hand backwards using extreme force and then bent his right thumb backwards causing Mr. Baillargeron serious body injury, all the time Mr. Baillargeron was handcuffed.

24. That Mr. Baillargeron was taken to the sidewalk behind the Paramount building and was picked up by a Newport Police Department cruiser and driven into the police department garage where he was left in the car with the windows rolled up for a long period of time.

25. That Mr. Baillargeron was eventually brought into the building and placed in a holding cell with his hands still cuffed, and was left in the cell that way for approximately twenty minutes and was handcuffed for approximately one hour while at the police station.

26. After repeatedly requesting medical treatment, Mr. Baillargeron was moved to another holding cell near the booking area.

27. That a member of the Newport Police Department eventually attempted to remove the handcuffs from Mr. Baillargeron but had great difficulty as they were "double locked" from having been squeezed so tightly around his wrist.

28. Mr. Baillargeron was processed and charged with disorderly conduct, to wit allegedly obstructing a sidewalk on Broadway, simple assault, and resisting arrest.

29. That some six (6) days prior to proceeding to trial before the Newport County Superior Court on the alleged criminal offenses, the charges were amended to include an additional count under Rhode Island's disorderly conduct statute, now alleging that Mr.

True Copy Attest
Clerk of Superior Court
of Newport
Rhode Island

Baillargeron had engaged in conduct which obstructed or interfered physically with a lawful meeting, procession, or gathering.

30. That following a five day jury trial before the Superior Court in Newport County on the charges brought against Mr. Baillargeron by the City of Newport, the jury returned not guilty verdicts as to all counts.

**COUNT I**

**CIVIL RIGHTS VIOLATION UNDER R.I. CONST. ART. 1 §§2,6.**

31. Paragraphs one through thirty are herein realleged as through set forth here in full.

32. That on or about May 2, 2004 defendants Robert Spellman, Patrick Shea and Jose Costa, while acting under color of law, assaulted Mr. Baillargeron without cause or justification.

33. Said use of excessive force deprived Mr. Baillargeron of his constitutional bodily security and liberty under R.I. Const. Art. 1, §2 and was an unreasonable physical seizure of Mr. Baillargeron under R.I. Const. Art. 1, §6.

34. As a result of the unwarranted use of excessive force, Mr. Baillargeron suffered serious physical injuries as well emotional and psychological damages including but not limited to mental anguish.

35. By reason of the above, Mr. Baillargeron suffered grievous bodily injury, mental anguish, and was deprived of his constitutional rights all to his damage.

**WHEREFORE**, Plaintiff demands judgment against the defendants individually and severally.

**COUNT II**

**CIVIL RIGHTS VIOLATION UNDER R.I. CONST. ART. 1, §§ 20, 21**

True Copy Attest
Court

36. Paragraphs one through thirty five are herein realleged as through set forth here in full.

37. On May 2, 2004, Mr. Baillargeron held sign which published his sentiments about the Newport and Middletown Police Departments as well as the Rhode Island Legal System as was his right under Art. 1, §§ 20 and 21 of the Rhode Island Constitution.

38. That the defendants assaulted and arrested Mr. Baillargeron because of the message that he published on his sign in flagrant violation of Mr. Baillargeron's constitutional rights to freedom of speech under Rhode Island's constitution contrary to the defendant's sworn duty to uphold and defend said constitutional rights.

39. That as a direct and proximate cause of the defendants' actions, conduct and strong arm tactics in silencing Mr. Baillargeron's speech, Mr. Baillargeron suffered damages.

**WHEREFORE**, Plaintiff demands judgment against the defendants individually and severally.

**COUNT III**

**CIVIL RIGHTS VIOLATION UNDER 42 U.S.C. §1983**

40. Paragraphs one through thirty nine are herein realleged as through set forth here in full.

41. That on May 2, 2004, the defendants Robert Spellman, Patrick Shea and Jose Costa, while acting under color of law, assaulted and arrested Mr. Baillargeron without causes of justification because they did not want him to continue to exercise his freedom of speech rights under the First Amendment to the United States Constitution.

42. Said use of excessive force deprived Mr. Baillargeron of the constitutional right to bodily security, freedom of speech, and liberty under the First and Fourteenth

Attest
Jane M. Anthony
Office of Clerk of Superior Court
County of Newport
Newport, Rhode Island

Amendments to the United States Constitution, and was an unreasonable physical seizure of Mr. Baillargeron under the Fourth Amendment to the United States Constitution.

43. As a result of the unwarranted use of excessive force to silence Mr. Baillargeron's exercise of his free speech, Mr. Baillargeron suffered grievous injuries including contusions, cuts and pulled muscles as well as mental anguish.

44. By reason of the above, Mr. Baillargeron suffered grievous bodily injuries, mental anguish and was deprived of his constitutional rights all to his damage.

**WHEREFORE**, Plaintiff demands judgment against the defendants individually and severally.

**COUNT IV**

**CITY OF NEWPORT'S FAILURE TO TRAIN AND SUPERVISE**

45. Paragraph one through forty four are herein realleged as though set forth here in full.

46. Defendant City of Newport grossly failed to train its police officers in the fundamental law of arrest, seizure and prosecution in that members of its Police Department engaged in a practice of using excessive force in bringing unwarranted criminal charges without due consideration for the protection of individual civil liberties.

47. Defendant City of Newport, encouraged and ratified the behavior of Defendants, Robert Spellman, Chief Charles Golden, Patrick Shea, and Jose Costa in failing to discipline its officers and in failing to investigate complaints against its officer and engaging in a policy of charging victims with crimes, as they did with Mr. Baillargeron in this case, in a preemptive effort to avoid municipal liability.

48. The foregoing acts omission and systemic failures are customs and policies of the City of Newport and have caused Defendants Robert Spellman, Chief Charles Golden,

True Copy Attest
Jane M. Anthony
Office of Clerk of Superior Court
County of Newport
Newport, Rhode Island

Patrick Shea and Jose Costa to believe that determination of the right to arrest, seize, use force and the amount of allowable legal force was within their sole discretion and that complaints of illegal arrest and use of excessive force would not be honestly and/or properly investigated, with the foreseeable result that officers would be likely to illegally arrest, use improper force and charge and file complaints against innocent people as was done with Mr. Baillargeron in this case. This constituted a policy to look the other way and cover-up the constitutional wrongs inflicted.

49. As a direct and proximate cause of the aforesaid acts, omissions, policies and customs of the City of Newport, co-defendants, Robert Spellman, Patrick Shea and Jose Costa improperly seized, beat, arrested, imprisoned and used excessive force against Mr. Baillargeron.

**WHEREFORE**, Plaintiff demands judgment against the defendants individually and severally.

**COUNT V**

**CONSPIRACY TO VIOLATE PALINTIFF'S CIVIL RIGHTS IN VIOLATION OF RHODE ISLAND'S CONSITUTION, ART. 1, §§ 2, 6, 20 & 21 AND 42 U.S.C. §1983**

50. Paragraphs one through forty nine are herein realleged as through set forth here in full.

51. Defendants Chief Charles Golden, Robert Spellman, Patrick Shea and Jose Costa ,acting in their individual capacities and under color of law, having conspired together and with others, reached a mutual understanding and acted to undertake a course of conduct that violated Mr. Baillargeron's civil rights to wit:

True Copy Attest

Jane M. Anthony

Office of Clerk of Superior Court
County of Newport
Newport, Rhode Island

a. Defendants Golden, Spellman, Shea, and Costa agreed and acted intentionally to falsely have him arrested and prosecuted.

b. The Defendants agreed and acted to intentionally fabricate and contrive the charges lodged against Baillageron as described above.

c. The Defendants Spellman, Shea and Costa agreed and acted to intentionally submit false police reports, statements and testimony to support and corroborate the fabricated charges lodged against Baillargeron.

52. As a direct and proximate result of the conspiracy between the Defendants and others as described above, Mr. Baillargeron was arrested and charged with criminal offenses, which he did not commit, and was deprived of his right to be free from unreasonable and unlawful seizure, protection of the laws, to due process rights to be free from arbitrary and unreasonable action which are secured under Articles 2, 6, 20, and 21 of Rhode Island's Constitution and the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution and protected by 42 U.S.C. § 1983.

**WHEREFORE**, Plaintiff demands judgment against the defendants individually and severally.

**COUNT VI**

**CHIEF CHARLES GOLDEN'S SUPERVISORY LIABILITY UNDER 42 U.S.C. § 1983**

53. Paragraph one through fifty two are herein realleged as though set forth in full.

54. Defendant, Chief Charles Golden , as then Chief of the Newport Police Department knew or in the exercise of due diligence should have known that the conduct of the other Defendant officers was likely to occur.

True Copy Attest
Jane M. Anthony
Office of Clerk of Superior Court
County of Newport
Newport, Rhode Island

55. Defendant Chief Charles Golden failed to take any preventative or remedial measures to guard against the conduct of the other Defendant officers more fully set forth and described herein. Had Chief Golden taken such measures, Mr. Baillargeron would not have suffered the deprivation of his rights fully set forth herein. The Failure of Chief Charles Golden amounted to deliberate indifference, or deliberate misconduct, which directly caused the deprivations suffered by Mr. Baillargeron. Chief Charles Golden failed to train, instruct, supervise, and discipline the Defendant officers, and said failure caused Mr. Baillargeron damages.

56. After Mr. Baillargeron had been assaulted and arrested by defendants Spellman, Shea, and Costa, Chief Charles Golden participated, directly or indirectly, in the prosecution of Mr. Baillargeron. Chief Charles Golden had knowledge of the widespread and pervasive policy, custom, practice and usage of falsely charging victims, like Mr. Baillargeron, with crimes, falsifying police reports, and that conspiratorial acts against Mr. Baillargeron alleged in Count V were about to be committed, had power to prevent or to aid in preventing the commission of those wrongs, and neglected to do so. These wrongful acts were committed as described above in Count V, and these wrongful acts could have been prevented by the exercise of reasonable diligence by Chief Charles Golden.

57. As a direct and proximate result of the above described unlawful and malicious acts of Defendant Chief Charles Golden, Mr. Baillargeron was deprived of his right to be secure in his person,, to equal protection of the laws, and to Due Process of Law, in violation of Article 1, §§ 2, 6, 20 and 21, of the Rhode Island Constitution, and the First,

True Copy Attest

Jane M. Anthony

Office of Clerk of Superior Court
County of Newport
Newport, Rhode Island

Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States protected by 42 U.S.C. § 1983 and 42 U.S.C. §1986.

**WHEREFORE**, Plaintiff demands judgment against the defendants individually and severally.

**COUNT VII**

**ASSAULT AND BATTERY**

58. Paragraph one through fifty seven are herein realleged as though set forth herein full.

59. When defendant Robert Spellman approached Mr. Baillargeron in front of the Paramount Building and told him that he could no longer protest with his sign, he placed his hands upon the body of Mr. Baillargeron and ultimately placed him in a bear hug, and pushed him some twenty yards through a crowed slamming Mr. Baillargeron's body up against the wall of a building.

60. That defendant Spellman's actions were threatening and physical in nature.

61. That Mr. Baillargeron was in reasonable fear of imminent bodily harm.

62. That defendant Spellman slammed Mr. Baillargeron to the concrete ground and handcuffed him causing him serious bodily injury and humiliation.

63. That defendant Spellman's acts were intended to cause and did in fact cause an unconsented to, offensive contact and trauma upon the body of Mr. Baillargeron.

64. That as a direct and proximate cause of defendant Spellman's acts, Mr. Baillargeron suffered great physical injury, fear and mental anguish.

**COUNT VIII**

**ASSAULT AND BATTERY**

True Copy Attest
Jane M. Anthony
Office of Clerk of Superior Court
County of Newport
Newport, Rhode Island

65. Paragraph one through sixty four are realleged as herein set forth in full.

66. That following defendant Spellman's unlawful seizure and assault upon the body of Mr. Baillargeron, defendant Patrick Shea joined defendant Spellman in the unlawful arrest of Mr. Baillargeron, pressing his knee into Mr. Baillargeron's back and bending his thumb backward in a horribly painful manner.

67. That defendant Shea's threatening manner and ultimate battery placed Mr. Baillargeron in fear of imminent bodily injury.

68. That by placing his knee into the back of Mr. Baillargeron and bending his thumbs back, defendant Shea caused an unconsented to contact and offensive contact upon the body of Mr. Baillargeron causing him grievous bodily injury.

69. That as a direct and proximate cause of defendant Shea's assault and battery upon Mr. Baillargeron, Mr. Baillargeron suffered grievous bodily injury and mental anguish.

**WHEREFORE**, Plaintiff demands judgment against the defendants individually and severally.

**COUNT IX**

**ASSAULT AND BATTERY**

70. Paragraphs one through sixty nine are herein realleged as though set forth here in full.

71. That once Mr. Baillargeron had been handcuffed and falsely arrested by defendant's Shea and Spellman, defendant Jose Costa, while Mr. Baillageron was being walked through an alley way adjacent to the paramount building, caused an unconsented to contact and offensive contact upon the body of Mr. Baillargeron by intentionally bending

True Copy Attest

Jane M. Anthony

Office of Clerk of Superior Court
County of N...

his left and backwards while he was handcuffed, and further bending Mr. Baillargeron's right thumb backwards as he screamed in pain.

72. That as a direct and proximate cause of defendant Costa's assault and battery upon the body of Mr. Baillargeron, Mr. Baillargeron suffered serious physical injuries and mental anguish.

**WHEREFORE**, Plaintiff demands judgment against the defendants individually and severally.

**COUNT X**

**MALICIOUS PROSECUTION**

73. Paragraph one through seventy three are realleged herein as though set forth in full.

74. Defendants City of Newport, Newport Police Department, Chief Charles Golden, Robert Spellman, Patrick Shea and Jose Costa initiated a complaint in the Second Division, Newport County District Court, alleging the Mr. Baillageron was guilty of assault, disorderly conduct and resisting arrest in 2004-001075.

75. That the complaint was ultimately brought to the Superior Court for Jury trial on February 7, 2005, in N3-2004-173A.

76. That the defendants did not have probable cause to initiate said proceedings.

77. That the defendants initiated the proceeding maliciously.

78. That the criminal charges were brought against Mr. Baillargeron without probable cause.

79. That a jury trial was conducted before the Honorable Nugent, J., in the Newport Superior Court beginning February 7, 2005 and concluding with a jury verdict in Mr.

True Copy Attest

Jane M. Anthony

Office of Clerk of Superior Court
County of Newport
Newport, Rhode Island

Baillargeron's favor as to all counts maliciously charged by said defendants on February 11, 2005.

80. That as a direct and proximate cause of the Defendants' malicious prosecution, Mr. Baillargeron suffered damages including humiliation, anxiety and mental anguish.

**WHEREFORE**, Plaintiff demands judgment against the defendants individually and severally.

**COUNT XI**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

81. Paragraph one through eighty are realleged herein as though set forth in full.

82. Defendants Spellman, Shea and Costa's action of assaulting and falsely arresting Mr. Baillargeron was done intentionally and motivated by a clear willingness to violate Mr. Baillargeron's rights to freedom of speech.

83. The defendants conduct was extreme and outrageous.

84. That as a direct and proximate result of the Defendants conduct, Mr. Baillargeron suffered extreme emotional distress.

**WHEREFORE**, Plaintiff demands judgment against the defendants individually and severally.

**COUNT XII**

**FALSE IMPRISONMENT AND FALSE ARREST**

85. Paragraphs one through eighty four are realleged herein as though set forth in full.

86. Defendants Robert Spellman, Patrick Shea, and Jose Costa intended to have Mr. Baillargeron confined and falsely arrested by violently handcuffing him, then leaving him alone, handcuffed in a police car in the police station garage, and transporting him to a

True Copy Attest
Office of Clerk of Superior Court
County of Newport
Newport, Rhode Island

holding cell for a long period of time, while still handcuffed all the while denying Mr. Baillargeron's request for medical attention.

87. Mr. Baillargeron was conscious and aware of his confinement and the arrest and confinement were without probable cause.

88. Mr. Baillargeron did not consent to any of the confinement.

89. The confinement outlined herein was not otherwise privileged.

90. Mr. Baillargeron was detained without justification.

91. That as a direct and proximate result of the defendants' intentional acts of false arresting and imprisoning Mr. Baillargeron, Mr. Baillargeron suffered serious bodily injury and significant mental anguish.

**WHEREFORE**, Plaintiff demands judgment against the defendants individually and severally.

**WHEREFORE**, Plaintiff, Frederick Baillargeron, requests that this Honorable Court enter judgment as follows:

1. Declare as unconstitutional the arrest, seizure, imprisonment, assault and prosecution of the Plaintiff;

2. Further, Plaintiff, Frederick Baillargeron demands the following relief jointly and severally against the Defendants, City of Newport, Chief Charles Golden, Robert Spellman, Patrick Shea, and Jose Costa:

   a. Compensatory damages in the amount of One Hundred Thousand Dollars;

   b. Punitive damages in the amount of One Million Dollars;

   c. Attorneys fees pursuant to 42 U.S.C. § 1988;

   d. Such other and further relief as this Court may deem just and appropriate.

True Copy Attest
Office of Clerk of Superior Court
County of Newport
Newport, Rhode Island

**PLAINTIFF DEMANDS TRIAL BY JURY**

Respectfully submitted,
Frederick Baillargeron,
By his attorney,

Robert J. Caron, 5735
55 Bradford Street
Suite 203
Providence, RI 02903
(401) 831-1889

True Copy Attest

Jane M. Anthony

Office of Clerk of Superior Court
County of Newport
Newport, Rhode Island

# STATE OF RHODE ISLAND
## SUPERIOR COURT
### CIVIL CASE COVER SHEET

CASE # NC 06-0155

THIS FORM MUST BE FILED WITH EACH ORIGINAL DOCUMENT THAT COMENCES A CIVIL PROCEEDING IN THE CLERK'S OFFICE. IF THE CASE IS A DISTRICT COURT APPEAL, THIS FORM MUST BE FILED WITH THE APPEAL IN THE DISTRICT COURT AND WILL BE TRANSFERRED WITH OTHER DOCUMENTS TO THE SUPERIOR COURT.

| PLAINTIFF | DEFENDANT |
|---|---|
| Frederick Baillargeron | City of Newport, et als |
| PLAINTIFF ID# | DEFENDANT ID# |

NATURE OF PROCEEDING - CHECK ONE APPLICABLE CASE TYPE UNDER MAIN CATEGORIES LISTED BELOW.

**CIVIL ACTION**

| | | |
|---|---|---|
| ( ) AA AGENCY APPEAL | ( ) EX EXCESSIVE TAX | ( ) PR PARTITION |
| (✓) AB ASSAULT & BATTERY | ( ) FF FORFEITURE | ( ) RC REINSTATE CHARTER |
| ( ) AE ASBESTOS CASES | ( ) FG FOREIGN JUDGMENT | ( ) PT PROMISSARY NOTE |
| ( ) AI ANTI-TRUST | ( ) FS FRIENDLY SUIT | ( ) RY REAL PROPERTY |
| ( ) BA BOOK ACCOUNT | ( ) ID PER INJURY/PROP DAM/VEH | ( ) SA SEXUAL ABUSE |
| ( ) BP BILL OF RIGHTS-POLICE OFF | ( ) IJ INJUNCTIVE RELIEF | ( ) SF SPECIFIC PERFORMANCE |
| (✓) CH CIVIL RIGHTS/JOB DISCRIM | ( ) IP INTERPLEADER | ( ) SX SEXUAL HARASSMENT |
| ( ) CI CRIMINAL INJURY COMP | ( ) LC LEAD CASE | ( ) TD CONTRACT DAMAGES |
| ( ) CL COMMON LAW ASSIGNMENT | ( ) LS LIBEL/SLANDER | ( ) TE TRESSPASS & EJECTMENT |
| ( ) CM COMMON LAW LIEN | ( ) ME MALPRACTICE/LEGAL | ( ) TO TITLE CLEARING |
| ( ) CS CONVERSION | ( ) MM MALPRACTICE/MEDICAL | ( ) TV TRUSTEE/APPT CONVEY TITLE |
| ( ) CV CRIMINAL CONVERSION | ( ) MO MALPRACTICE/OTHER | ( ) TG TRUSTEE/ACCOUNTING |
| ( ) CH CIVIL RIGHTS/JOB DISCRIMIN | (✓) OV OTHER CIVIL ACTION | ( ) UM UNINSURED MOTORIST |
| ( ) DJ DECLARATORY JUDGMENT | ( ) PB PROPERTY DAMAGES | ( ) WM WRIT OF MANDAMUS |
| ( ) DG RECOVERY OF DAMAGES | ( ) PG PROPERTY DAMAGES/VEH | ( ) WR WRIT OF REPLEVIN |
| ( ) DB DEBT ON JUDGMENT | ( ) PI PERSONAL INJURY | ( ) WD WRONGFUL DEATH |
| ( ) DD DECEPTIVE TRADE PRACTICE | ( ) PJ PERSONAL INJURY/VEHICLE | |
| ( ) DN DENIAL OF PROBATE CLAIM | ( ) PL PRODUCT LIABILITY | |

**MISCELLANEOUS PETITION**

| | | |
|---|---|---|
| ( ) AC ARBITRATION/CONFIRM | ( ) GJ GRAND JURY INVESTIGATION | ( ) PX PETITION TO EXPUNGE |
| ( ) AD ARBITRATION AWARD | ( ) HC HABEAS CORPUS | ( ) PY PETITION INVENT (WIRE TAP) |
| ( ) AS ASSESSMENT OF DAMAGES | ( ) LN LEVEL COMMUN NOTIFICATION | ( ) RB ARBITRATION REFERRAL |
| ( ) CE CONDEMNATION | ( ) ML MECHANICS LIEN | ( ) RP RULE 5A PETITION |
| ( ) CN CONFIRM COMPROMISE | ( ) MW MATERIAL WITNESS | ( ) RV RECEIVERSHIP |
| ( ) CP CONTEMPT | ( ) OM OTHER MISC PETITION | ( ) SO SEXUAL VIOLENT PREDATOR |
| ( ) DI DISCLAIMER | ( ) OW OUT OF STATE WITNESS | ( ) TA APPOINTMENT OF TRUSTEE |
| ( ) DS DISSOLUTION OF CORP | ( ) PC POST CONVICTION RELIEF | ( ) TC TITLE CLEARING (TAX TITLE) |
| ( ) DT DECLINATION OF TRUSTEE | ( ) PD PETITION TO TAKE DEPO | ( ) TL FORECLOSURE TAX LIEN |
| ( ) EN END PARTNERSHIP | ( ) PM PETITION FOR IMMUNITY | ( ) TS TRUSTEE SUCCESSOR |
| ( ) FC FORFEITURE OF CHARTER | ( ) PO PETITION FOR CONSTABLE | ( ) VC VACATE ARBITRATION |
| ( ) FL FORECLOSURE RIGHTS REDEM | ( ) PS PERFORM SURGERY | |

06 MAR 22 AM 11:42

**PROBATE APPEAL**

| | | |
|---|---|---|
| ( ) GD GUARDIANSHIP | ( ) OA OTHER PROBATE APPEAL | ( ) WL WILL |
| ( ) NC NAME CHANGE | ( ) TU TRUST | |

**DISTRICT COURT APPEAL**

( ) DISTRICT COURT APPEAL

True Copy Attest

TRIAL (✓) YES ( ) NO IF YES: (✓) JURY ( ) NON-JURY

ATTORNEY NAME & REGISTRATION# Robert J. Caron, Esq 5735
PRO SE/NAME:

Office of Clerk of Superior Court
County of Newport
Newport, Rhode Island

SC223 (REV05-05)