UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| FREDERICK BAILLARGERON,<br>*Plaintiff,*<br>vs.<br>CITY OF NEWPORT, by and through its Finance Director, Laura Sitrin, et al.,<br>*Defendants.* | C.A. No. [redacted] 06 172 ML<br>*{ R.I. Superior Court C.A. No. NC06-0155 }* |

**ANSWER**

Now come defendants, City of Newport, by and through its Finance Director, Laura Sitrin, Newport Police Department, Chief Charles Golden, Robert Spellman, Patrick Shea and Jose Costa ("defendants"), and hereby answer plaintiff's complaint as follows:

1. These defendants deny the allegations contained in those paragraph 1 and the two un-numbered paragraphs in that portion of plaintiff's complaint entitled, *Introductory Statement.*

2. These defendants make no response to the allegations contained in paragraphs 2 and 3 in that portion of the plaintiff's complaint entitled, *Jurisdiction*, and plaintiff is left to his proof of same.

3. These defendants make no response to the allegations contained in paragraph 4 of that portion of the plaintiff's complaint entitled, *Venue*, and plaintiff is left to his proof of same.

4. These defendants admit the allegations contained in paragraphs 5, 6, 7, 8, 9, 10, 11 and 12 of that portion of the plaintiff's complaint entitled, *Parties*.

5. These defendants admit the allegations contained in paragraphs 13, 28 and 30 of that portion of the plaintiff's complaint entitled, *Factual Allegations.*

6. These defendants deny the allegations contained in paragraphs 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27 and 29 of that portion of the plaintiff's complaint entitled, *Factual Allegations.*

7. These defendants deny the allegations contained in paragraphs 31, 32, 33, 34 and 35 of that portion of plaintiff's complaint entitled, *Count I: Civil Rights Violation under R.I. Const. Art. 1 §§ 2, 6.*

8. These defendants deny the allegations contained in paragraphs 36, 37, 38 and 39 of that portion of plaintiff's complaint entitled, *Count II: Civil Rights Violation under R.I. Const. Art. 1, §§ 20, 21*

9. These defendants deny the allegations contained in paragraphs 40, 41, 42, 43 and 44 of that portion of plaintiff's complaint entitled, *Count III: Civil Rights Violation under 42 U.S.C. § 1983.*

10. These defendants deny the allegations contained in paragraphs 45, 46, 47, 48 and 49 of that portion of plaintiff's complaint entitled, *Count IV: City of Newport's Failure to Train and Supervise.*

11. These defendants deny the allegations contained in paragraphs 50, 51 and 52 of Count V of that portion of plaintiff's complaint entitled, *Count V: Conspiracy to Violate Palintiff's (sic) Civil Rights in Violation of Rhode Island's Consitution (sic), Art. 1, §§ 2, 6, 20, & 21 and 42 U.S.C. §1983.*

12. These defendants deny the allegations contained in paragraphs 53, 54, 55, 56 and 57 of that portion of plaintiff's complaint entitled, *Count VI: Chief Charles Golden's Supervisory Liability under 42 U.S.C. § 1983.*

13. These defendants deny the allegations contained in paragraphs 58, 59, 60, 61, 62, 63 and 64 of that portion of plaintiff's complaint entitled, *Count VII: Assault and Battery.*

14. These defendants deny the allegations contained in paragraphs 65, 66, 67, 68 and 69 of that portion of plaintiff's complaint entitled, *Count VIII: Assault and Battery.*

15. These defendants deny the allegations contained in paragraphs 70, 71 and 72 of that portion of plaintiff's complaint entitled, *Count IX: Assault and Battery.*

16. These defendants deny the allegations contained in paragraphs 73, 74, 75, 76, 77, 78 and 80 of that portion of plaintiff's complaint entitled, *Count X: Malicious Prosecution.*

17. These defendants admit the allegations contained in paragraph 79 of that portion of plaintiff's complaint entitled, *Count X: Malicious Prosecution.*

18. These defendants deny the allegations contained in paragraphs 81, 82, 83 and 84 of that portion of plaintiff's complaint entitled, *Count XI: Intentional Infliction of Emotional Distress.*

19. These defendants deny the allegations contained in paragraphs 85, 86, 87, 88, 89, 90 and 91 of that portion of plaintiff's complaint entitled, *Count XII: False Imprisonment and False Arrest.*

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

These defendants plead absolute and qualified immunity as a bar to the within complaint.

### SECOND AFFIRMATIVE DEFENSE

These defendants plead all forms of statutory and common law immunity as a bar to the within complaint.

### THIRD AFFIRMATIVE DEFENSE

These defendants plead the public duty doctrine as a bar to the within complaint.

### FOURTH AFFIRMATIVE DEFENSE

These defendants plead the statutory cap on damages as a bar and restriction on some of the damages claimed in this matter.

### FIFTH AFFIRMATIVE DEFENSE

These defendants plead legal justification as a bar and restriction to the within complaint.

**These defendants demand trial by jury.**

Defendants,
By their attorney,

Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
(401) 272-4442
(401) 272-9937 fax
marc@desistolaw.com

CERTIFICATION OF SERVICE

I hereby certify that a true copy of the within Answer was mailed, postage prepaid, on this 13th day of April 2006, to:

Robert J. Caron (#5735)
55 Bradford Street
Suite 203
Providence, RI 02903
(401) 831-1889